UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JINDUICHENG MOLYBDENUM, | ) | |
| COMPANY LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| CONTENTS OF THE DECEMBER 29, | ) | |
| 2014 SHIPMENT ON BOARD SHIPPING | ) | |
| VESSEL COSCO NEW YORK, *in rem*, | ) | |
| and ORIENT EXPRESS CONTAINER | ) | |
| COMPANY LIMITED, *in personam*, | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED EMERGENCY COMPLAINT

Plaintiff, Jinduicheng Molybdenum, Company Limited's ("JDC"), by and through

its attorneys, brings this Emergency Complaint against the Defendants and, alleges as

follows:

1.      This is a case within the Court's admiralty and maritime jurisdiction as

hereinafter more specifically pled and is an admiralty and maritime claim within the

meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This Court has admiralty

jurisdiction under 28 U.S.C. § 1333 and 28 U.S.C. § 1367.  It is instituted in accordance

with the provisions of Rule D of the Supplemental Rules of Certain Admiralty and

Maritime Claims ("Rule D"), Rule 64 of the Federal Rules of Civil Procedure ("Rule

64"), and attachment pursuant to Massachusetts law, specifically Mass. R. Civ. P. 4.1 (f)

and M.G.L. ch. 223, § 50.

2.      Venue is proper in accordance with provisions of Rule D and Rule 64 as Plaintiff seeks to arrest and attach tangible property located in this judicial district pursuant to Rule D and Massachusetts state law.

## THE PARTIES

3.      Plaintiff JDC is, and was at all material times, a company incorporated in the People's Republic of China (the "PRC") with limited liability, and its shares are traded on the Shanghai Stock Exchange.  JDC is a member of Jinduicheng Group (the "Group") which is a state-owned company in the PRC.

4.      Defendant *in rem*, consists of the following property: a cargo shipment containing 13,750 kilograms (approximately 30,313 pounds) of molybdenum metal powder, valued at $431,750, located in Boston Massachusetts (hereinafter "the Subject Cargo").  Upon information and belief, the Subject Cargo was carried onboard the M/V COSCO NEW YORK, under bill of lading no. KKLUSIA521124 (the "COSCO Ocean B/L") from the port of Qingdao, China to Boston, Massachusetts.

5.      Defendant *in personam* Orient Express Container Company Limited ("OEC") is a Company that is an Non Vessel Operating Common Carrier ("NVOCC") that provides freight forwarding services and at all material times acted as JDC's agent to arrange for the transportation of the Subject Cargo to the place of delivery. Its principal place of business is 18th Floor, Times Square, No. 52 Hong Kong (M) Road, Qingdao, PRC.  OEC as an NVOCC is licensed by the Federal Maritime Commission as a carrier who arranged for the through transport of the Subject Cargo.  OEC is a member of the OEC Group and is regularly carrying on business within this Honorable Court's Federal

Judicial District, by and through its satellite office located at 1 Kellaway Drive, Suite C, Randolph, Massachusetts 02368, where it may be served with process.

## A. The Agreement

6.    On May 20, 2014, JDC entered into an agreement with Elmet Technologies Inc. ("Elmet"), to sell and deliver by ocean transport cargoes of molybdenum metal powder over the course of three (3) years.

7.    Pursuant to the parties agreements, JDC will deliver the molybdenum metal powder to Elmet and Elmet must pay JDC within forty-five (45) days of the arrival of the cargo at Boston Seaport.

8.    The contract has a forum selection clause which requires the resolution of disputes between JDC and Elmet by arbitration, submitted to the Singapore International Arbitration Centre.

9.    In breach of the terms of the agreement, Elmet has failed, neglected, and/or refused to pay JDC outstanding balances due and owing for deliveries of molybdenum metal powder.  The amount due and owing is estimated to be no less than USD 5,876,300.00. JDC has or soon intends to commence arbitration for recovery of these outstanding sums.

10.    Pursuant to the parties' contract, Elmet would submit purchase orders for the arrangement of shipments of the molybdenum metal powder and in response JDC would enter into and arrange for a contract of carriage for the shipment with its agent, Defendant OEC.

11.     The Contract of Carriage enables OEC (on behalf of JDC) to enter into various supplemental contracts of carriage with ocean carriers (*i.e.* the "performing shipping vessels"), for JDC's deliveries of molybdenum metal powder under its contract with Elmet.

12.     After receiving the goods from JDC for each of the shipments, OEC issues a house bill of lading to JDC ("House B/L").  The performing shipping vessels receive the goods on board from OEC at the port of loading, and issue an ocean bill of lading to OEC ("Ocean B/L").

13.     The performing shipping vessels can only release the goods at the place of delivery upon presentation of an Ocean B/L.  JDC sends Elmet the House B/L together with any other documents provided for in the parties' contract.

14.     Elmet receives the House B/L from JDC. It then presents the House B/L to OEC in exchange for the Ocean B/L.  Upon presentation of the Ocean B/L, Elmet can demand delivery of the goods from the performing shipping vessels.

**B. The Subject Cargo**

15.     Pursuant to arrangements made by Plaintiff (consistent with the practice set forth above), on December 29, 2014, JDC commenced delivery of the Subject Cargo, *i.e.* 13,750 kilograms of molybdenum metal power to Elmet (through arrangements made with OEC).

16.     OEC issued the House B/L No. OERT205702D03880 to JDC (the "OEC B/L") dated December 29, 2014.  A copy of the OEC B/L is attached as **Exhibit 1**.

17.     The terms of the contract of carriage was CIF, meaning that Plaintiff JDC prepaid the Cost, Insurance, and Freight of the Subject Cargo for the December 29, 2014 shipment.

18.     Plaintiff duly remitted and paid in full the freight for the carriage of goods from Qingdao, China to Boston, Massachusetts.

19.     On December 29, 2014, the Subject Cargo was shipped onboard of the performing shipping vessel M/V COSCO NEW YORK ("the Vessel") from Qingdao, China to Boston Seaport.  Based upon information and belief, the ocean carrier issued an ocean bill of lading no. KKLUSIA521124 to OEC (the "COSCO Ocean B/L"). The COSCO Ocean B/L is a title document and enables the holder to take delivery of the Subject Cargo. Currently, OEC has the COSCO Ocean B/L in its possession.

20.     In early January, JDC sent Elmet the OEC B/L via DHL and Elmet received it on or about January 9, 2015.

21.     The Vessel arrived in Boston Seaport on January 30, 2015.  Upon information and belief, the Subject Cargo has been discharged from the Vessel and stowed in Paul W. Conley Container Terminal, Boston and Elmet intends to swiftly take delivery of it.

22.     Pursuant to the contract between JDC and Elmet, the December 29, 2014 shipment has a value of USD 431,750.00 and payment has not yet been received by JDC for the Subject Cargo.

23.     As set forth above, Elmet has breached its contract with JDC and failed to pay outstanding balances totaling no less than USD 5,876,300.  On or about January 30, 2015, JDC learned for the first time that Elmet's assets have become subject to a

foreclosure sale.  The assets were sold to an entity titled Elmet Technologies LLC (the "New Elmet").  The precise relationship between these parties is unclear.

24.     By a letter dated January 30, 2015 (the "January 30, 2015 Letter"), JDC demanded payment of outstanding balances and did "**recall and retain the ownership of all the cargoes on the way**" (including the Subject Cargo). A copy of the January 30, 2015 Letter is attached as **Exhibit 2**.

## RULE D CAUSE OF ACTION

25.     Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully set forth herein.

26.     As Plaintiff JDC has prepaid the freight associated with the December 29, 2014 shipment of the Subject Cargo and has not received payment from Elmet for same, JDC has a lawful right to claim title and ownership over the Subject Cargo.

27.     Upon information and belief, OEC, JDC's agent has in its possession, the COSCO Ocean B/L which gives it and JDC, title to the Subject Cargo.  Plaintiff JDC is entitled to immediate possession of the Subject Cargo.

28.     Elmet is attempting to improperly convert the Subject Cargo and impermissibly take possession of same, which it has not paid for, and as evidenced by the outstanding balance due and owing has no intention to pay for.

29.     Rule D of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides that "actions for possession, partition, and to try title maintainable according to the course of the admiralty practice with respect to a vessel, in all actions maintainable with respect to the possession of cargo or other maritime

property . . . shall be by a warrant of arrest of the vessel, cargo, or other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties."

30.     Pursuant to Rule D, Plaintiff JDC is entitled to a warrant for the arrest of the Subject Cargo, 13,750 kilograms (approximately 30,313 pounds) of molybdenum metal powder that is the subject matter of this lawsuit and located within this District.

### MASSACHUSETTS STATE LAW - ATTACHMENT

31.     Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully set forth herein.

32.     As and for an alternative cause of action, in the event that this Court finds that the ownership of the Subject Cargo may be in dispute, Plaintiff is entitled to invoke state-law remedies under F.R.C.P. 64, for the attachment of property for the purpose of obtaining security for its claims.

33.     Rule 64(a) provides that "every remedy is available that, under the law of the state where the court is located, provides for seizing . . . property to secure satisfaction of the potential judgment." Rule 64(b) lists examples of state remedies available under Rule 64(a), and this includes attachment.

34.     Pursuant to Massachusetts state law, Mass. R. Civ. P. 4.1 (f), Plaintiff is entitled to attach *ex parte,* the Defendant Subject Cargo as pre-judgment security for the recovery of a judgment against Elmet in the amount of $5,876,300.00 in an anticipated arbitral proceeding in Singapore.

35.     The Subject Cargo is considered bulk goods pursuant to M.G.L. ch. 223, § 50 because it cannot be easily removed. The statute provides that where personal property is bulky and may be difficult to remove, an officer can leave the goods where they are

located after the attachment. An attachment of bulky goods will be deemed valid as long as a certified copy of the writ of attachment (with the officer's endorsement thereon) is filed within three days after the attachment in the manner for perfecting a security interest in personal property. M.G.L. ch. 223, § 50.

36.    Plaintiff JDC seeks an order attaching the Defendant Subject Cargo, valued at USD 431,750.00.

37.    There is a reasonable likelihood that JDC will recover a judgment against Elmet in an anticipated arbitration in Singapore.

38.    JDC seeks ex parte attachment of the Defendant Subject Cargo in order to partially secure an anticipated judgment in the Singapore arbitration expected to be close to USD six million dollars.

39.    Upon information and belief, due to its indebtedness and a potential liquidation of its assets, there is clear danger that if Elmet is notified in advance of the attachment, it will convey, conceal, or remove Defendant Subject Cargo from the state of Massachusetts.

40.    JDC knows of no liability insurance available to satisfy any judgment JDC may recover against Elmet.

41.    JDC states that the information set forth herein is true, to the best of its knowledge and belief, and that the allegations set forth in the complaint are true to the best of its knowledge and belief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JDC prays for the following relief:

A.      That process in due form of law and according to the rules and practices of this Court issue a warrant for the arrest and attachment of the *in rem* defendant, 13,750 kilograms (approximately 30,313 pounds) of molybdenum metal powder, may issue and all persons claiming an interest therein may be cited to appear and answer the matter aforesaid;

B.      That JDC be adjudged to be the  lawful owner of the *in rem* Defendant, the Subject Cargo;

C.      That *in personam* Defendant OEC be directed to maintain possession of the COSCO Ocean B/L pending the resolution of Plaintiff's Rule D claim;

D.      That alternatively, this Honorable Court issue *an ex parte* order, pursuant to Mass. R. Civ. P. 4.1(f) and M.G.L. ch. 223, § 50, allowing the Plaintiff to attach Defendant Subject Cargo as bulky goods in accordance with Rule 64 of the F.R.C.P. and Massachusetts state law;

E.      That JDC be awarded its attorneys' fees and costs of this action; and

F.      That this Court grant Plaintiff such other and further relief as the Court deems appropriate.

Dated: February 6, 2015                          Respectfully submitted,

                                                 JINDUICHENG MOLYBDENUM,
                                                 COMPANY LIMITED

                                                 By its attorneys

                                                 /s/ Janeen A. Blake
                                                 Bruce Falby (BBO# 544143)
                                                 Janeen Blake (BBO# 676969)
                                                 DLA PIPER LLP (US)
                                                 33 Arch Street, 26th Floor
                                                 Boston, MA 02110-1447
                                                 (617) 406-6000 *tel.*

(617) 406-6116 <em>fax</em>

*Of Counsel*
CHALOS & CO, P.C.
George M. Chalos
Briton P. Sparkman (BBO#673450)
*Pro Hac Vice Application Forthcoming*
55 Hamilton Avenue
Oyster Bay, New York 11771
(516) 714-4300 *tel.*
(516) 750-9051 *fax.*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JINDUICHENG MOLYBDENUM, COMPANY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>CONTENTS OF THE DECEMBER 29, 2014 SHIPMENT ON BOARD SHIPPING VESSEL COSCO NEW YORK, *in rem*, and ORIENT EXPRESS CONTAINER COMPANY LIMITED, *in personam*,<br><br>Defendants. | )<br>)<br>)<br>)     Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. §1746, I, Liu Xin Lu, declare under the penalty of perjury:

1.    I am a representative of JINDUICHENG MOLYBDENUM, COMPANY LIMITED, and authorized to act on the company's behalf.

2.    I have received a verbal translation of the foregoing Verified Complaint and know the contents thereof; and

3.    I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

I declare under penalty of perjury that the foregoing is true and correct.

FEBRUARY 6, 2015
Xi'an, PRC

By:    _____
Liu Xin Lu
Authorized Representative of Plaintiff
JINDUICHENG MOLYBDENUM,
COMPANY LIMITED